UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

COREY YARBROUGH,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:09-CV-893
(Criminal Case No. 1:05:CR:166-02)

HON. GORDON J. QUIST

## **OPINION AND ORDER**

Before the Court is Petitioner's motion to vacate his conviction and sentence under 28 U.S.C. § 2255. For the following reasons, Petitioner's motion will be dismissed with prejudice.

### **Procedural History**

On March 3, 2006, Petitioner Corey Yarbrough was convicted of possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On August 22, 2006, Petitioner was sentenced to 160 months in prison. Petitioner appealed his conviction, and on December 20, 2007, the United States Court of Appeals for the Sixth Circuit affirmed his conviction. *See United States v. Yarbrough*, 272 F. App'x 438 (6th Cir. 2007). Petitioner did not file a writ of certiorari with the Supreme Court; thus, Petitioner's conviction became final for § 2255 purposes on March 19, 2008, ninety (90) days after the Sixth Circuit affirmed his conviction. Under 28 U.S.C. § 2255(f), Petitioner had one year from March 19, 2008, to file his § 2255 motion. Petitioner did not file his motion until September 28, 2009. On October 14, 2009, this Court entered an Order to Show Cause why Petitioner's motion should not be dismissed as time-barred.

## Petitioner's Equitable Tolling Argument

Petitioner argues that the Court should equitably toll the statute of limitations because (1) Petitioner did not know about the filing requirement and relied on his attorney to handle his case, and (2) pending his administrative transfer, Petitioner was placed in a special housing unit from June 24, 2008, until December 3, 2008, during which time Petitioner was not allowed legal materials or a typewriter to proceed in his defense. Petitioner claims that he moved for an extension of time to file his § 2255 motion while he was in the Oklahoma transit center, but that he mistakenly sent this motion to the Sixth Circuit.

Courts grant equitable tolling "sparingly," *Solomon v. United States*, 467 F.3d 928, 932 (6th Cir. 2006), and do not ordinarily toll the statute absent "compelling equitable considerations" arising "from circumstances beyond [the] litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003) (internal quotation marks omitted). Petitioner's argument that he did not know about the filing requirement is not persuasive because Petitioner admits that he sent a notice for an extension of time to the Sixth Circuit during his transfer to the Greenville, Illinois facility. Additionally, even if the Court accepted Petitioner's argument and equitably tolled the statute of limitations for the 162 days that Petitioner was in the special housing unit, the one-year statute of limitations would have expired before Petitioner filed his § 2255 motion on September 28, 2009. Thus, Petitioner's § 2255 motion will be dismissed as time-barred.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*,

263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. at 1604. For the reasons stated by this Court, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny the certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to vacate his conviction and sentence (Docket #1) under 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is hereby **DENIED**.

**This case is concluded.**


Dated: March 10, 2010                                           /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE